UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

D.F. PRAY, INC.,

        Plaintiff,

v.

ALLIANZ GLOBAL RISKS US INSURANCE COMPANY

        Defendant,

## COMPLAINT

## INTRODUCTION

1.    D.F. Pray, Inc. ("Pray") is a construction manager and an additional insured under a commercial general liability policy issued by Allianz Global Risks US Insurance Company ("Allianz") to Pray's subcontractor RCM Modulaire, Inc. ("RCM"). Through this Action, Pray seeks to compel Allianz to pay for costs and fees incurred in an action filed by Hancock Q Plaza LLC, Quincy 1st LLC and Quincy 2nd LLC (collectively "LBC") seeking to recover "property damage" resulting from RCM's work (the "Design Defect Action"). Specifically, LBC claimed that RCM negligently fabricated and installed modular units and that as a result of these negligently fabricated and installed units, the building constructed by Pray settled, causing gas pipes to leak and causing other property damage. These allegations triggered Allianz's duty to defend Pray but Allianz refused to either defend the claims or even respond to Pray's demand for a defense until four years and approximately $200,000 in attorneys fees and costs later. As a result, Pray files this Action to recover damages for Allianz's breach of contract and for violation of Massachusetts General Laws, Chapter 93A and the associated violation of Chapter 176D.

**PARTIES**

2.  Pray is a Rhode Island corporation with a principal place of business at 25 Anthony Street, Seekonk, Massachusetts. Pray is a family-operated regional construction manager that retained RCM to fabricate, deliver, and install modules for a 171-unit residential development in Quincy, Massachusetts.

3.  Allianz is a California corporation with a principal place of business at 225 W Washington Street, Suite 1800, Chicago, Illinois. Allianz actively engages in trade or commerce in the Commonwealth of Massachusetts, is licensed by the Commonwealth of Massachusetts to sell policies of insurance, and on information and belief actively issues standard form commercial general liability insurance.

**JURISDICTION AND VENUE**

4.  The amount in controversy exceeds seventy-five thousand dollars and complete diversity of citizenship exists between Pray and Allianz; therefore the Court has jurisdiction under 28 U.S.C. § 1332.

5.  Venue is proper pursuant to 28 U.S.C. § 1391 because Allianz is subject to personal jurisdiction in Massachusetts and a substantial portion of the events or omissions giving rise to the claim occurred in Massachusetts.

**FACTS**

6.  LBC retained Pray through a Standard Agreement and General Conditions Between Owner and Construction Manager dated August 7, 2017, to complete a seven-story mixed-use building with 171 residential units and 15,000 square feet of retail space (the "General Contract").

7. Pray retained RCM through a Standard Form of Agreement dated April 12, 2018, to fabricate, deliver and install 135 modular components and complete the associated structural foundation connections, installation of plumbing, siding, electrical, fire protection and HVAC systems, floors, ceilings, roofing, doors, cabinets, countertops and appliances for an original contract sum of $8,400,923.44 (the "Subcontract"). **Exhibit A**, Subcontract.

8. The Subcontract required RCM to purchase and maintain comprehensive general liability insurance; to list Pray and LBC as additional insureds on the policy; and to defend, indemnify, and hold Pray harmless from claims related to personal injury or property damages caused by a negligent act or omission of RCM.

9. With the Subcontract signed and in response to RCM's request, Allianz issued a comprehensive policy of commercial general liability insurance (the "Policy") which identified Pray as an additional insured. **Exhibit B**, Certificate of Insurance.

10. RCM intended for the Policy to cover and protect RCM and Pray against any claim for personal injury or property damage under the Subcontract and shift the risk of payment for any indemnity claim asserted by Pray to Allianz.

11. Pray relied upon the Policy to shift the risk of the cost of any claim for property damage or bodily injury to Allianz.

12. In reliance upon the Policy, Pray authorized RCM to work on the Project.

13. On September 18, 2019, Pray substantially completed the work on the Project and in response LBC disclosed "problems right after [Pray] completed the job," including "water damage," "settlement" of the building, "pipes broken in the building right away as soon as [Pray] finish[ed] the job[,]" and leaks that were impacting the second floor of the Project.

14. On March 3, 2021, LBC provided Pray notice of certain settlement issues at the Project. **Exhibit C**, Notice Letter. Specifically, the Notice Letter represented that the building settled "in excess of 2"" causing damage to "piping/fixtures (gas, water, sewer, storm, oil, etc.)[,]" that LBC was "concerned about the settlement" and "resulting property damage / loss that has occurred," and that LBC was "reviewing all possible causes, including issues with the Building's modular construction performed by Pray's subcontractor, RCM…".

15. Pray then provided notice to RCM both through a call and email of the alleged defects identified by LBC and requested that RCM "notify their insurance carrier of the problem outlined in the letter." **Exhibit D**, Email Notice to RCM.

16. Pray then provided notice of LBC's claim to its insurer CNA and by letter dated March 17, 2021, Pray's insurer CNA (on behalf of Pray) provided "Notice of Claim Tender of Defense & Indemnity" ("Notice of Claim") notifying Allianz that LBC had claimed that building "settling issues [are] causing damage to the overall building," investigations were ongoing, and requesting a "defense for and indemnification of Pray as an additional insured." **Exhibit E**, A copy of the Notice of Claim.

17. Upon receipt of the Notice of Claim, Allianz had an obligation to investigate the claim and respond to Pray (or its insurer CNA) but Allianz neither accepted the tender of defense nor responded to the Notice of Claim.

18. On or about September 16, 2021, LBC filed the Design Defect Action. **Exhibit F**, a copy of the Complaint. The Complaint alleged that RCM "supplied the fabricated modular boxes that were used to construct the Nova Residences Building;" LBC discovered that the building "had settled in excess of 2" [c]ausing [a] gas leak, along with other property …;" the "settlement … was caused by the negligence of … Pray, and/or [its] subcontractors …,"

including RCM; and the Owner was investigating RCM's "process of fabrication and construction of the modular units" and associated "environmental conditions."

19. The Design Defect Action claimed damages in excess of $2 million and included allegations that are reasonably susceptible of an interpretation that states a claim under the Policy.

20. Allianz owed a duty to defend Pray under the terms of the Policy but refused to provide a defense.

21. LBC through a subsequent disclosure provided further facts to support its claim that RCM's negligence resulted in property damage, including that RCM failed to:

- "inform[] the design parties if they saw connection details and movement allowances that were less than they typically see, given their experience with similar stacked modules;"

- "communicate[] any changes and/or substitutions to structural details for work performed in their facility to the Structural Engineer;"

- "provide[] lumber that met the limits of moisture content (MC) stated in the specifications;" and

- if RCM did not take these actions that it "may have contributed to the [settlement] problem."

**Exhibit G**, copy of the SGH Report.

22. No later than November 2022, Pray provided notice to RCM of the Design Defect Action and demanded a defense under the Subcontract. RCM refused and as a result, in June 2024, Pray filed a demand for arbitration against RCM seeking to enforce RCM's defense and indemnity obligations under the Subcontract.

23. In response to the demand, on information and belief, RCM provided notice to Allianz and demanded coverage under the Policy, but Allianz failed to provide a defense or respond to RCM's notice of claim.

24. In or around March 2025, LBC supplanted its discovery responses to increase its claimed damages to approximately $5 million and engaged in significant discovery including noticing approximately 10 depositions, producing additional documents, and issuing expert reports to support its claims against the Defendants.

25. These discovery efforts significantly and directly impacted Pray's cost of defense, requiring the retention of experts and payment for transcripts and storage of massive amounts of electronic data collected through the recent discovery.

26. With significant costs incurred and an estimated $250,000 in costs to complete the trial, Pray, on July 7, 2025, issued a demand to Allianz pursuant to Massachusetts General Laws Chapter 93A (the "93A Demand"). **Exhibit H**, 93A Demand Letter. The 93A Demand Letter requested that Allianz defend Pray and indemnify Pray for its attorneys' fees and costs incurred to date.

27. Allianz failed to respond to or even acknowledge the 93A Demand and failed to provide Pray a defense.

28. On July 21, 2025, after Allianz failed to respond to or acknowledge Pray's Demand Letter, Pray again requested a response from Allianz related to its demand for coverage. **Exhibit I**, Supplemental Demand.

29. On September 5, 2025, approximately sixty (60) days after Pray issued the 93A Demand, Allianz responded to Pray by letter, acknowledging its defense obligation. Specifically, Allianz stated that they "agree[d] to defend D.F. Pray with respect to the Litigation pursuant to a reservation of rights" but refused to pay any of the costs incurred by Pray. **Exhibit J**, Letter Affirming Obligation to Pay.

6

30. Pray has incurred at least $230,000 in legal fees and costs and anticipates at least $250,000 more to complete preparing the case and continues to incur legal fees defending the claims and fees and costs for experts and other professionals.

## CAUSES OF ACTION

## COUNT I — BREACH OF CONTRACT

31. Pray repeats and realleges that allegations set forth in paragraphs 1 to 30 as if fully set forth herein.

32. Allianz issued the Policy to Pray specifically agreeing to defend Pray against claims of bodily injury or property damage caused or alleged to be caused by the negligence of RCM.

33. The allegations in the Design Defect Action including claims of property damage alleged to be caused by the negligence of RCM.

34. Allianz had and continues to have an obligation to defend Pray in the Design Defect Action.

35. Allianz breached the Policy by refusing to timely provide a defense to Pray in the Design Action, causing Pray to incur significant costs in its own defense up to this point.

36. As a result Pray has sustained damages.

## COUNT II — VIOLATION OF M.G.L. C. 93A AND 176D

37. Pray repeats and realleges that allegations set forth in paragraphs 1 to 36 as if fully set forth herein.

38. All times material hereto, Pray and Allianz were engaged in trade or commerce as defined in M.G.L. c. 93A, §§ 2, 9, and 11.

39. Allianz committed unfair and deceptive acts and practices declared unlawful under provisions of M.G.L. c. 93A, §§ 2, 9, and 11 and the interpretative regulations and case law related thereto.

40. Allianz's actions that constitute violations of Chapter 93A include, without limitation:

- failing to promptly acknowledge and act reasonably promptly upon communications with respect to Pray's claim arising under its Policy;
- failing to affirm or deny coverage of claims within a reasonable time after a tender was made;
- failing to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear;
- compelling Pray to institute litigation to recover costs under the Policy; and
- on information and belief, failing to maintain reasonable claim handling procedures.

41. Allianz's conduct occurred primarily and substantially in the Commonwealth of Massachusetts.

42. As a result of Allianz's conduct Pray has sustained damages including incurring in excess of $230,000 in fees and costs.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Pray requests that this Court grant the following relief:

(1) As to Count I enter judgment against Allianz and in favor of Pray in the amount of Pray's damages, costs, interest, and attorneys' fees;

(2) As to Count II enter judgment against Allianz and in favor of Pray in an amount not

less than doubled nor more than trebled, plus interest, costs and attorneys' fees; and

(3) Grant such other and further relief, as the Court may deem just and appropriate.

**<u>PRAY REQUESTS A JURY TRIAL ON ALL COUNTS</u>**

Plaintiff,
D.F. PRAY, INC.

By its attorneys,

*/s/ Richard E. Briansky*
Richard E. Briansky (BBO# 632709)
Amy B. Hackett (BBO #676345)
PECKAR & ABRAMSON, P.C.
28 State Street – Suite 1802
Boston, MA 02109
Tel: (857) 284-8155
Fax: (617) 206-1998
rbriansky@pecklaw.com
ahackett@pecklaw.com

Dated: September 9, 2025